JACKSON BANK *vs.* FRANK A. IRONS *et als.*

A. made his promissory note payable to the order of B. one year after date with interest payable semi-annually in advance, on the back of which at its inception was the following indorsement signed by C., D. and B. in the order as given:

"Waiving demand and notice, we hereby indorse and guarantee the full payment of the within note: future payments of principal or interest in renewal thereof not releasing us as indorsers."

In an action of debt on the note against A., C. and D.,

*Held,* that the words "indorse" and "indorsers" in the undertaking were used not in their technical but in their literal sense to describe the act of writing on the back of the note and the signers as having signed on the back of the note.

*Held,* further, that by waiving the right to notice of non-payment of the note which they would have been entitled to as guarantors, and by waiving the rights to which they would •have been entitled as sureties in case of an extension of the term of payment of the note by the acceptance of interest in advance after maturity, the signers made the legal effect of the undertaking the same as though they had written their names on the back of the note at the time it was made without more.

*Held,* further, that C. and D. were joint makers with A. of the note and were properly joined as such as defendants in the suit.

If in an action of debt the declaration be in form and substance a declaration in *assumpsit,* it is demurrable, but it may be amended so that the counts in it may be made proper counts in debt.

DEBT on a promissory note. Certified from the Common Pleas Division on demurrer to the declaration.

*November* 3, 1894. MATTESON, C. J. The plaintiff sues in debt on a promissory note of the tenor following:

"4000.            PROVIDENCE, R. I., August 1st, 1873.

"One year after date I promise to pay to the order of the Jackson Institution for Savings Four Thousand Dollars at Bank with interest at the rate of eight per cent. per annum payable semiannually in advance until paid. Value received.

                                    "FRANK A. IRONS."

On the back of the note is endorsed the following:

"Waiving demand and notice, we hereby indorse and guarantee the full payment of the within note: future payments of principal or of interest in renewal thereof not releasing us as indorsers.

                              "SAMUEL A. IRONS.
                              "N. MOLTER.
              "Jackson Institution for Savings
                        "by THEO. B. TALBOT
                                    "Cashier."

The suit is against Frank A. Irons as the maker of the note and Samuel A. Irons and Nicholas Molter as the signers of the undertaking on its back.

Each of the defendants has demurred to the declaration .and the special count in it, and has assigned for causes of de-

murrer, *first*, that the plaintiff has declared in an action of debt, while the declaration and its averments are in form and substance an action of *assumpsit* ; that an action of debt and causes of action in *assumpsit* on promises are incompatible and cannot be joined in the same declaration.

Doubtless the declaration is demurrable on these grounds, but as the special count and the general or common counts can be amended and made proper counts in debt, we think that if the action can be maintained, the plaintiff should be permitted, if it desires, to make such amendments as may be necessary on such terms as may be deemed just and reasonable. *Hobbs* v. *Ray*, *ante*, p. 84 ; *Wilson* v. *N. Y.*, *N. H. & H. R. R. Co.*, *ante*, p. 598.

Each of the defendants has also further assigned as causes of demurrer, *second*, that the plaintiff has in its special count declared against the maker of the note and the other two defendants jointly on a joint indebtment ; whereas the pretended obligations of the defendants set forth do not constitute a joint obligation of the three defendants, but two several and distinct obligations and causes of action, to wit, a several obligation of the defendant Frank A. Irons as maker of the note and a distinct obligation of the defendants Samuel A. Irons and Nicholas Molter as guarantors of the note ; *third*, that the pretended cause of action set forth in the special count against the defendants Samuel A. Irons and Molter is the guaranty of the debt of another, and that an action of debt does not lie on such guaranty ; *fourth*, that the cause of action set forth against the defendants, other than the maker of the note, is a pretended guaranty of the debt of another given by them to the Jackson Institution for Savings, and not to the plaintiff, between whom and the said defendants there is no privity under said pretended guaranty.

These grounds of demurrer raise the question of the proper construction of the anomalous undertaking on the back of the note. If that undertaking is to be construed as a guaranty, the defendants' contentions that it is a separate and distinct cause of action from the note, and not being ne-

gotiable, that there is no privity between the plaintiff and the signers of it, are not without authority, and perhaps a preponderance of authority for their support, and it would follow that the signers of the undertaking ought not to have been joined as defendants with the maker of the note. If, on the other hand, the legal effect of the undertaking, notwithstanding the use of the word "guaranty," is to constitute the signers of it merely joint makers of the note with the defendant Frank A. Irons, the suit was properly brought against all the defendants.

We are of the opinion that the latter view is correct. The signing of the undertaking was prior to the delivery of the note to the payee, and, consequently, before the note took effect. Neither Samuel A. Irons nor Nicholas Molter were payees of the note, or had any title to it to transfer. It is apparent, therefore, that notwithstanding the use of the words, "waiving demand and notice," which would be apt words to waive the rights of technical indorsers, the words, "indorse" and "indorsers," were used in their literal sense to describe the act of writing on the back of the note and the signer as having signed on the back of the note, and not in the technical sense to denote the transfer of title to the note and incurring liability for its payment provided it be duly presented to the maker at maturity, and if not paid by him, that notice of the non-payment be seasonably given to the one incurring the liability, and the character of the signer as one who has thus transferred title to the note and incurred liability thereon. The signers of the undertaking, then, in so far as they are described as indorsers, have no other rights than they would have if their names were simply written on the back of the note.

A guarantor of a note is entitled to notice of its non-payment within a reasonable time, and in case of the failure of the holder to give the notice, is relieved from liability to the extent of loss resulting from the failure. In the present instance, however, the guarantors have waived the right to notice and, hence, stand on the footing of sureties merely. A surety is released from liability if the creditor extends the

term of payment without the consent of the surety, or without reserving his right to insist upon immediate payment by the principal and in default of such payment to pay the debt himself and proceed at once against the principal. By the terms of the note the interest was to be paid semi-annually in advance. Acceptance of interest in advance after maturity of the note would have the effect to extend the term of payment during the period for which the interest is paid and thus to have discharged the sureties but for the fact that they had stipulated that future payments of interest in renewal of the note should not release them from liability. They therefore waived the rights to which they would otherwise have been entitled as sureties, and made the legal effect of their undertaking precisely the same as though they had merely written their names on the back of the note without more. By repeated decisions in this State, a person who indorses a note payable to another at the time it is made, is to the payee a joint and several maker. *Mathewson* v. *Sprague*, 1 R. I. 8 ; *Perkins* v. *Barstow*, 6 R. I. 505 ; *Manufacturers' & Mechanics' Bank* v. *Follett*, 11 R. I. 92 ; *Carpenter* v. *McLaughlin*, 12 R. I. 270.

We are of the opinion, therefore, that the defendants Samuel A. Irons and Nicholas Molter are to be regarded as joint makers with Frank A. Irons of the note in suit and were properly joined as such as defendants in the suit.

The demurrers are sustained, but we will direct the Common Pleas Division to entertain a motion by the plaintiff for leave to amend the declaration by changing the counts from counts in *assumpsit* to counts in debt.